# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-317V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| DENISE RENEE MILLS, as personal | \* | |
| Representative of the ESTATE OF AMY | \* | |
| MORRIS, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  March 27, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bridget C. McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah B. Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 1, 2018, Amy Morris[2] (decedent) filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[3] Petition (ECF No 1). Petitioner alleges that the decedent suffered from Guillain-Barré Syndrome ("GBS") as a result of her March 16, 2015 tetanus, diphtheria, acellular pertussis ("Tdap") vaccination. Moreover, Petitioner alleges that she experienced residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The case caption was changed on August 7, 2025 to reflect petitioner's death, which was unrelated to her alleged vaccine injury.  Order to Amend (ECF No. 62)

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the Tdap vaccine caused decedent to suffer GBS or any other injury or condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (March 27, 2026) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto as appendix A) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of **$65,000.00** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the estate of Amy Morris.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DENISE RENEE MILLS, as personal
representative of the ESTATE OF AMY
MORRIS,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 18-317V (ECF)
Special Master Gowen

## STIPULATION

The parties hereby stipulate to the following matters:

1. On March 1, 2018, Amy Morris ("decedent") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] On August 7, 2025, the Court granted a request to amend the case caption to reflect Denise Renee Mills as petitioner in her capacity as personal representative of the estate of Amy Morris. The petition seeks compensation for injuries allegedly related to her receipt of a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine. This vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3.

2. Decedent received a Tdap vaccine on March 16, 2015.

3. The vaccine was administered within the United States.

---

[1] Ms. Morris passed away on February 21, 2025, from causes unrelated to her vaccine-injury claim.

1

The signed document can be validated at https://app.vinesign.com/Verify

4. The Petition alleges that decedent suffered Guillain Barré Syndrome ("GBS") that was caused-in-fact by the Tdap vaccine. The Petition further claims that decedent experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of her alleged injury.

6. Respondent denies that decedent suffered GBS and denies that the vaccine caused decedent's alleged injury, any other injury or condition, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$65,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the estate of Amy Morris. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  Petitioner represents that petitioner is currently authorized to serve as the legal representative of decedent's estate under the laws of the State of Oklahoma.  If petitioner is no longer authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative decedent's estate upon submission of written documentation of such appointment to the Secretary.

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as personal representative of decedent's estate, on petitioner's own behalf, and on behalf of decedent's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all  demands of whatever kind or nature) that have been brought, could have been brought, or could  be timely brought in

3

the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the vaccination administered on or about March 16, 2015, as alleged in a petition for vaccine compensation filed on or about March 1, 2018, in the United States Court of Federal Claims as petition No. 18-317V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused decedent's alleged injuries or any other injury or decedent's death.

4

17. All rights and obligations of petitioner hereunder in petitioner's capacity as administrator and legal representative of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Renee Mills*

DENISE RENEE MILLS

**ATTORNEY OF RECORD
FOR PETITIONER:**

*Bridget McCullough*

BRIDGET C. MCCULLOUGH
Muller Brazil, LLC
715 Twining Road, Suite 208
Dresher, PA 19025
Tel: (215) 885-1655
Email: bridget@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

*Heather Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.
Beach -S

Digitally signed by
Jeffrey S. Beach -S
Date: 2026.02.25 10:27:51
-05'00'                    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

SARAH B. RIFKIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-5997
Email: sarah.rifkin@usdoj.gov

Dated: 3/27/2026

6